UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN E. BARHITE, JR.,

        Petitioner,

                                                                                    Civil No. 2:08-CV-14618
v.                                                                     Honorable David M. Lawson

PATRICIA CARUSO and THOMAS BELL,

        Respondents.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

      The petitioner, Melvin Barhite, Jr., is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. He has filed with this Court a petition for writ of habeas corpus and a motion for immediate consideration asserting that he is being subject to second-hand smoke in his housing unit in violation of state policy and his constitutional rights. He seeks placement in smoke-free housing and other appropriate relief. The Court finds that the petitioner has failed to state a claim upon which habeas relief may be granted. The Court will therefore dismiss Mr. Barhite's petition for writ of habeas corpus.

      Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rule Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to dismiss a habeas

corpus petition summarily if it appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. A petition for writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). The petitioner in this case is not challenging the fact or duration of his confinement, and he raises no challenge to his criminal conviction or sentence in his pleadings. Instead, he complains of being subject to second-hand smoke in violation of his constitutional rights and the Michigan Department of Corrections' policies. The "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or duration of his confinement" is a civil rights action pursuant to 42 U.S.C. § 1983. *Id.* at 498-99. Because the petitioner is challenging the conditions of his confinement and not the fact or duration of his confinement, he has failed to state a claim for federal habeas relief.

For these reasons, the Court concludes that the petitioner has failed to state a claim upon which federal habeas relief may be granted.

Accordingly, it is **ORDERED** that Mr. Barhite's petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE**. The petitioner may file a proper civil rights complaint in the appropriate court.

It is further **ORDERED** that the petitioner's motion for immediate consideration [dkt # 3] is **DENIED as moot.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: November 13, 2008.

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 13, 2008.

s/Felicia M. Moses  
FELICIA M. MOSES